UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

DEC 15 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

CHRISTOPHER RAMSAY,

    Plaintiff,

v.                         Civil Action No. 2:11cv207

SANIBEL & LANCASTER INSURANCE, LLC,
ROBERTA L. GARCIA-GUAJARDO,
STEVEN GARCIA-GUAJARDO, and
GARY J. HUNTER,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on a Petition for Rehearing/Reopening of Case, ECF No. 32, filed on September 19, 2014 by Roberta L. Garcia-Guajardo ("Garcia-Guajardo") and Steven Guajardo ("Guajardo" and, collectively with Garcia-Guajardo, "Defendants") and a Motion for Execution Sale, ECF No. 37, filed on November 4, 2014 by Christopher Ramsay ("Plaintiff").[1] The Court will construe Defendants' pro se Petition for Rehearing/Reopening of Case ("Motion for Relief from Judgment") as a motion for relief from judgment under

---

[1] Defendants purported to file their motion on behalf of a third defendant in this action, Sanibel Lancaster Insurance, LLC ("S&L Insurance"). However, S&L Insurance, as a limited liability company, "cannot appear pro se, even if represented by one of its members," and must be represented by an attorney. See Vick v. Wong, 263 F.R.D. 325, 328 n. 1 (E.D. Va. 2009) (citing United States v. Hagerman, 545 F.3d 579, 580-81 (7th Cir. 2008); Lattanzio v. Comm. on Massage Therapy Accreditation, 481 F.3d 137, 138, 140 (2d Cir. 2007)). Given that S&L Insurance is not represented by an attorney in this matter, the Court will not consider it as a movant with respect to this motion.

Federal Rules of Civil Procedure 60(b)(3), 60(b)(4), and 60(d)(3). After examining the briefs and the record, the Court determines that oral argument on Defendants' Rule 60(b)(3) and Rule 60(d)(3) motions is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. R. 7(J). The need for a hearing on Defendants' Rule 60(b)(4) motion is addressed below. The Court **DENIES IN PART** and **TAKES UNDER ADVISEMENT IN PART** Defendants' motion. The Court **TAKES UNDER ADVISEMENT** Plaintiff's motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 12, 2011, Plaintiff filed an action in this Court alleging causes of action against Defendants for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA"), wrongful discharge in violation of public policy under Virginia law, and breach of contract under Virginia law. ECF No. 1. Returns of service indicate that Guajardo and Garcia-Guajardo were served with process on May 4, 2011. ECF No. 3. On May 16, 2011, S&L Insurance was served with process through its registered agent. ECF No. 4. On May 26, 2011, the Clerk of the Court entered default against Garcia-Guajardo and Guajardo. ECF No. 8. On May 31, 2011, the Clerk of the Court entered default against S&L Insurance. ECF No. 10. Plaintiff moved for

default judgment on August 1, 2011. Mot. for Default J., ECF No. 11.

On March 28, 2012, this Court entered default judgment in favor of Plaintiff: on his FLSA claim against Defendants, on his wrongful discharge claim against S&L Insurance and Guajardo, and on his breach of contract claim against S&L Insurance. Opinion and Order, ECF No. 17. In its March 28, 2012 Opinion and Order, the Court severed the wrongful discharge claim against Garcia-Guajardo and stayed such claim pending resolution of VanBuren v. Grubb, 733 S.E.2d 919 (Va. 2012). Following the Supreme Court of Virginia's decision in VanBuren, on March 27, 2013, the Court entered judgment against Garcia-Guajardo, as well, on Plaintiff's wrongful discharge claim. ECF No. 24.

Plaintiff asserts that he "has pursued collection on the judgment entered against [Defendants]," but that they "have resisted collection." Pl.'s Br. Opp'n Mot. for Relief from J. at 2, ECF No. 33. In support of such contention, Plaintiff has submitted two orders from the Circuit Court of the City of Suffolk that indicate that Garcia-Guajardo twice failed to appear for debtor's interrogatories. See id. ex. 1 & 2, ECF Nos. 33-1, 33-2. In one such order, the Circuit Court of the City of Suffolk found that Garcia-Guajardo had been properly served with both debtor's interrogatories and a motion to show cause as to why she failed to appear for such interrogatories.

Order on Motion to Show Cause, Case No. CM13-1020 (Va. Cir. Nov. 20, 2013). In a subsequent order, the Circuit Court found that Garcia-Guajardo's failure to appear for debtor's interrogatories was "willful and without good cause" and that "she intentionally obstructed the proceedings to frustrate their purpose." Order on Motion for Order of Contempt, Case No. CM13-1020 (Va. Cir. Feb. 24, 2014).

On September 19, 2014, Defendants moved the Court "for an injunction for relief of the judgment" and for rehearing, as well as for sanctions against Plaintiff and Plaintiff's counsel. Mot. for Relief from J. at 3-4. From Defendants' motion, it appears that they seek relief from judgment on the basis that Plaintiff committed fraud upon the Court by making misrepresentations to the Court, presumably in his Complaint. See id. at 3.[2] Defendants also seek relief from judgment on the basis that they were not properly served with process. Id. at 3. Applying a liberal construction to Defendants' pleadings, required because of Defendants' pro se status, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007), to the extent that Defendants seek to set aside this Court's judgment on the basis

---

[2] In Defendants' motion, without explanation, they refer to Plaintiff's race. From the context of Defendants' motion, Defendants' reference to Plaintiff's race strikes the Court, at minimum, as tinged with a racially discriminatory undertone. The Court **ADMONISHES** Defendants that such reference to race is grossly inappropriate and will not be tolerated. If Defendants file any future pleading containing such a reference, the Court will not hesitate to appropriately sanction them.

of fraud, the Court will construe their motion as a motion under Rule 60(b)(3) and Rule 60(d)(3). Given that Defendants argue that the Court's judgment is void due to insufficient service of process, the Court will also construe their motion as a motion under Rule 60(b)(4).

On October 3, 2014, Plaintiff filed his brief in opposition to Defendants' motion. Plaintiff contends that Defendants' motion under Rule 60(b)(3) is untimely because Defendants did not seek relief from judgment within one year of the entry of such judgment. Pl.'s Br. Opp'n Mot. for Relief from J. at 2. In response to Defendants' Rule 60(d)(3) motion, Plaintiff argues that Defendants' allegations do not present a sufficient basis to warrant relief from judgment under Rule 60(d)(3). Finally, in response to Defendants' Rule 60(b)(4) motion, Plaintiff argues that Defendants were, in fact, served with process "at the address listed on their paper." Id. at 3.

On October 27, 2014, Defendants filed a reply to Plaintiff's opposition. Ans. to Pl.'s Filing, ECF No. 36. In response to Plaintiff's argument that their motion is untimely, Defendants cite provisions of the Code of Virginia governing the tolling of the statute of limitations and contend that such provisions apply because Garcia-Guajardo was incapacitated. Id. at 2. Defendants also argue that they never received process from the process server who attempted to serve process on

Garcia-Guajardo at her home. Id. at 3. Finally, Defendants request that the Court "give [Plaintiff] jail time along with his attorney" and seek compensation. Id. at 3-4.

On November 4, 2014, Plaintiff moved for appointment of a special master and for sale at public auction of "the real property at 4301 Newport Ave, a/k/a Maryland Ave, Norfolk, Virginia" ("the property"). Mot. for Execution sale, ECF No. 37. Plaintiff asserts that Rule 69 authorizes this Court to appoint a special master to conduct a judicial sale of the property because such Rule "directs that State procedure must be followed on execution procedures" and Virginia law authorizes sale of a debtor's real property through a creditor's bill in equity and court appointment of a commissioner in chancery to sell the debtor's property. See id. at 2. In his motion, Plaintiff alleges that the property is subject to: a March 28, 2005 deed of trust to secure a $220,000 promissory note, a $382,183.59 federal tax lien recorded on March 3, 2009, and a $13,533.81 federal tax lien recorded on February 3, 2010. Id. Other than such liens and encumbrances, Plaintiff asserts that Defendants own the property. Id. at 3. Plaintiff requests that the Court: "order David Weeks, Trustee, and New York Mortgage Company, LLC, Noteholder, to appear and respond to this Motion within twenty-one days of service of same or waive their right to participate herein;" "order the United States to appear and

6

respond to this Motion within sixty days of service of the same upon it or waive its right to participate herein;" and appoint a special master to determine "[t]he identities of the owners of the property," "[t]he liens against the property and the order of their priority, including tax liens," "[t]he fee simple and annual rental value of the property," and "[w]hether all parties in interest are properly before the Court." Id. at 3. Finally, Plaintiff requests that the Court order the property sold to satisfy Plaintiff's judgment, if the rents from such property cannot satisfy such judgment within five years, or if such rents are sufficient to satisfy Plaintiff's judgment within five years, order that those rents be applied to the satisfaction of Plaintiff's judgment. See id. at 4.[3] The deadline for Defendants to respond to Plaintiff's motion for execution has passed and Defendants have not responded thereto. Accordingly, the motions currently before the Court are now ripe for disposition.[4]

---

[3] Plaintiff's request appears to comport with the requirements under Section 8.01-462 of the Code of Virginia, which provides: "Jurisdiction to enforce the lien of a judgment shall be in equity. If it appear [sic] to the court that the rents and profits of all real estate subject to the lien will not satisfy the judgment in five years, the court may decree such real estate, or any part thereof, to be sold, and the proceeds applied to the discharge of the judgment." Va. Code Ann. § 8.01-462.

[4] On December 1, 2014, Defendants moved for summary judgment, ECF No. 38, however, such motion is not ripe for disposition.

7

## II. STANDARD OF REVIEW

### A. Rule 60(b)

Federal Rule of Civil Procedure 60(b) permits a party to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). A court's analysis of a Rule 60(b) motion proceeds in two stages. First, a court considers whether the movant has met three threshold conditions: "'a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.'" Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quoting Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)); see also Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (citing Nat'l Credit Union, 1 F.3d at 264).[5] Once a movant has demonstrated the three threshold requirements, Federal Rule of Civil Procedure 60(b) lists the grounds under which a court may grant relief from a final judgment. Nat'l Credit Union, 1 F.3d at 266. These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or

---

[5] The Fourth Circuit has also noted a fourth threshold showing, "exceptional circumstances," in some instances. Nat'l Credit Union, 1 F.3d at 264 (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).

8

> extrinsic), misrepresentation, or misconduct by an
> opposing party; (4) the judgment is void; (5) the
> judgment has been satisfied, released or discharged;
> it is based on an earlier judgment that has been
> reversed or vacated; or applying it prospectively is
> no longer equitable; or (6) any other reason that
> justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) "must clearly establish the grounds therefor to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979); see also Ebersole v. Kline-Perry, 292 F.R.D. 316, 320 (E.D. Va. 2013) (quoting Compton, 608 F.2d at 102). To determine whether such exceptional relief is appropriate, the court "must engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of [a]ll the facts." Compton, 608 F.2d at 102 (alteration in original) (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970)).

The Fourth Circuit has held that a motion under Rule 60(b) is addressed to the sound discretion of the trial judge and will not be disturbed on appeal save for a showing of abuse. See

*Aikens*, 652 F.3d at 501. "However, where default judgments are at issue, over the years [the Fourth Circuit] has taken an increasingly liberal view of Rule 60(b) . . . ." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.3d 808, 811 (4th Cir. 1988); *see also* Charles Alan Wright & Arthur R. Miller, 11 *Federal Practice & Procedure* § 2857 (3d ed. 2012) (noting that "[t]he cases calling for great liberality in granting Rule 60(b) motions, for the most part, have involved default judgments. There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits."). This is so because "default judgments pit the court's strong preference for deciding cases on the merits against countervailing interests in finality and in preserving the court's ability to control its docket." *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997) (citing *Augusta*, 843 F.3d at 811). Nonetheless, in considering a Rule 60(b) motion to set aside a default judgment, "'[w]hen the party is at fault, the [court's interest in finality and efficiency] dominate[s] and the party must adequately defend its conduct in order to show excusable neglect.'" *Id.* (alterations in original) (quoting *Augusta*, 843 F.3d at 811).

**B. Rule 60(d)**

10

Federal Rule of Civil Procedure 60(d)(3) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Thus, such clause "permits a court to exercise its inherent equitable powers to obviate a final judgment after one year for 'fraud on the court.'" Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 135-36 (4th Cir. 2014). However, "ordinary cases of fraud" do not provide a basis for relief under Rule 60(d)(3). Id. at 136 (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244, 246 (1944)). "Thus, not only must fraud on the court involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." Id. Rule 60(d) should be applied "only when parties attempt 'the more egregious forms of subversion of the legal process . . ., those that we cannot necessarily expect to be exposed by the normal adversary process.'" Id. (quoting Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1357 (4th Cir. 1982)). "Perjury and fabricated evidence . . . [are] not adequate to permit relief as fraud on the court . . . ." Id. (citing Great Coastal, 675 F.2d at 1357). Rather, "the doctrine is limited to situations such as 'bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially

is directly impinged.'"  Id. (citing Great Coastal, 675 F.2d at
1356).    Unsurprisingly,  "[p]roving  fraud  on  the  court  thus
presents . . . a very high bar for any litigant."  Id. at 136-
37.

## C. Rule 69

Federal Rule of Civil Procedure 69 governs the enforcement
of money judgments.  Such Rule provides in relevant part:

> A money judgment is enforced by a writ of execution,
> unless the court directs otherwise. The procedure on
> execution--and in proceedings supplementary to and in
> aid of judgment or execution--must accord with the
> procedure of the state where the court is located, but
> a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).  Accordingly, such Rule establishes
that, as a general rule, Virginia law governs the procedure on
execution in this Court.  However, an applicable federal statute
is controlling, notwithstanding Virginia law.  See id.; see also
12 Wright & Miller, supra, § 3012 (3d ed. 2014).

## III. DISCUSSION

### A. Defendants' Motion

As  stated  above,  when  liberally  construed,  Defendants'
motion  appears  to  seek  relief  under  Rule  60(b)(3)  and  Rule
60(d)(3) based on Plaintiff's alleged fraud and Rule 60(b)(4)
based on allegations that Defendants were not properly served
with process.  The Court will first consider Defendants' motion
with respect to the fraud grounds for relief.  The Court will

12

then turn to Defendants' Rule 60(b)(4) motion. As stated above, as a threshold to relief under Rule 60(b)(3), Defendants must show that: their motion is timely, they have a meritorious defense, and Plaintiff would not be unfairly prejudiced by having the judgment against Defendants set aside.

Defendants' Rule 60(b)(3) motion fails because Defendants have not satisfied the threshold element of timeliness. Rule 60 imposes mandatory time restrictions on a Rule 60(b)(3) motion by providing that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). In this case, Defendants seek relief from judgment based on Plaintiff's alleged fraud and, therefore, Rule 60(c)(1) mandated that Defendants file any Rule 60 motion on that basis "no more than a year after the entry of judgment." Here, the Court entered judgment against Guajardo on Plaintiff's FLSA and wrongful discharge claims on March 28, 2012, ECF No. 18, against Garcia-Guajardo on March 28, 2012 with respect to Plaintiff's FLSA claim, ECF No. 18, and against Garcia-Guajardo on March 27, 2013 with respect to Plaintiff's wrongful discharge claim, ECF No. 24. Thus, Rule 60(c)(1) required Guajardo and Garcia-Guajardo, with respect to Plaintiff's FLSA claims, to file their Rule 60(b)(3) motions no later than March 28, 2013. Similarly

13

such rule mandated that Garcia-Guajardo file any Rule 60(b)(3) motion challenging the judgment against her on the wrongful discharge claim no later than March 27, 2014. Defendants' filed the instant motion on September 19, 2014. Thus, Defendants' motions under Rule 60(b)(3) are **DENIED** as untimely.[6]

Defendants' Rule 60(d)(3) motion fails because, even assuming the truth of the allegations in Defendants' motion, such allegations are not sufficient to demonstrate fraud on the court. At most, Defendants have alleged that Plaintiff "blatantly lied" to the Court. Ans. to Pl.'s Filing at 3. However, the Fourth Circuit has underscored that "perjury and fabricated evidence," though reprehensible, do not qualify as fraud on the Court. Great Coastal, 675 F.2d at 1357. Moreover, Defendants have not alleged that Plaintiff committed acts of fraud that, like bribery of a judge, "directly impinge" on "the integrity of the court and its ability to function." See Fox, 739 F.3d at 136. Therefore, the Court concludes that Defendants have not demonstrated that relief from judgment is warranted based on fraud on the court under Rule 60(d)(3) and Defendants' Rule 60(d)(3) motion is **DENIED**.

To the extent that Defendants contend that they were not properly served with process because the process server did not

---

[6] The Court need not assess the remaining two threshold elements or the second stage of the Rule 60 analysis in light of its determination that Defendants' Rule 60(b)(3) motions are untimely.

14

leave process with Garcia-Guajardo, the Court has construed
their motion as a Rule 60(b)(4) motion. Such rule provides that
the Court may "[o]n motion and just terms, . . . relieve a party
. . . from a final judgment . . . for the following reaso[n]:
the judgment is void." Fed. R. Civ. P. 60(b)(4). Although Rule
60 is phrased in permissive terms, a court does not have
discretion to refuse to vacate a void judgment. See, e.g.,
Philos Techs., Inc. v. Philos & D, Inc., 645 F.3d 851, 855 (7th
Cir. 2011) (citations omitted); Hukill v. Okla. Native Am.
Domestic Violence Coal., 542 F.3d 794, 797 (10th Cir. 2008)
(citation omitted); Harper Macleod Solicitors v. Keaty & Keaty,
260 F.3d 389, 394 (5th Cir. 2001) (citation omitted); see also
11 Wright & Miller, supra, § 2862 (3d ed. 2012) (stating that
"[t]here is no question of discretion on the part of the court
when a motion is under Rule 60(b)(4)"). Moreover, unlike other
motions under Rule 60(b), a party may seek to set aside a void
judgment even years after the court has entered such judgment.[7]

---

[7] See, e.g., Philos, 645 F.3d at 857 (citations omitted) (stating
that a "collateral challenge to jurisdiction can be brought at any
time"); Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1345 (10th
Cir. 2000) (holding that a Rule 60(b)(4) motion may be made at any
time); Sea-Land Serv. Inc. v. Ceramica Europa II, Inc., 160 F.3d 849,
852 (1st Cir. 1998) (same); Meadows v. Dominican Republic, 817 F.2d.
517, 521 (9th Cir. 1987) (same); see also James Wm. Moore et al., 12
Moore's Federal Practice § 60.44[5][c]; 11 Wright & Miller, supra, §
2862 (stating that" there is no time limit on an attack on a judgment
as void"); cf. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir.
2002) (citations omitted) (noting that "[o]ther circuit courts
addressing the issue have concluded that a motion to vacate a void

15

Similarly, to prevail on a Rule 60(b)(4) motion, the movant need not establish the existence of a meritorious defense. <u>Bludworth Bond Shipyard Inc. v. M/V Caribbean Wind</u>, 841 F.2d 646, 649 (5th Cir. 1988) (noting that a court must set aside a void judgment under Rule 60(b)(4) regardless whether the movant has a meritorious defense); 11 Moore et al., <u>supra</u>, § 60.44[5][b]; 11 Wright & Miller, <u>supra</u>, § 2862.

For the purposes of Rule 60(b)(4), a judgment is void "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." <u>Wendt v. Leonard</u>, 431 F.3d 410, 412 (4th Cir. 2005) (citing <u>Eberhart v. Integrated Design & Constr., Inc.</u>, 167 F.3d 861, 871 (4th Cir. 1999)). However, courts "narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." <u>Id.</u> at 412-13 (citations omitted). Nonetheless, a judgment is void when a court enters it without personal jurisdiction over a defendant because such defendant was not validly served with process. <u>Armco v. Penrod-Stauffer Bldg. Sys., Inc.</u>, 733 F.2d 1087, 1089 (4th Cir. 1984) (holding that "[s]ince there was no valid

_____

judgment pursuant to Rule 60(b)(4) contains little, if any, time limit.").

service of process, the district court was without jurisdiction
of the defendant, and the default judgment was void."); see also
12 Moore et al., supra, § 60.44[3] (stating that "[a] judgment
may . . . be void because, although the court had the
theoretical power to exercise personal jurisdiction over a
defendant, the defendant was not adequately served with
process.").

Although the Fourth Circuit has not addressed the issue,
other courts of appeals have split on which party has the burden
of proof of establishing, for the purposes of a Rule 60(b)(4)
motion, that a court lacked personal jurisdiction to enter a
default judgment. See Arpaio v. Dupre, 527 F. App'x 108, 113 n.
4 (3d Cir. 2013) (unpublished) (noting a circuit split on the
issue). Some courts of appeals have held that "a defendant
moving to vacate a default judgment based on improper service of
process, where the defendant had actual notice of the original
proceeding but delayed in bringing the motion until after entry
of default judgment, bears the burden of proving that service
did not occur." SEC v. Internet Solutions for Bus. Inc., 509
F.3d 1161, 1163 (9th Cir. 2007); Burda Media, Inc. v. Viertel,
417 F.3d 292, 299 (2d Cir. 2005); Bally Exp. Corp. v. Balicar,
Ltd., 804 F.2d 398, 401 (7th Cir. 1986). On the other hand, at
least one court of appeals has held that a plaintiff maintains
the burden of proving that personal jurisdiction is present,

even under Rule 60(b)(4).   <u>Oldfield v. Pueblo De Bahia Lora,</u>
<u>S.A.</u>, 558 F.3d 1210, 1217 (11th Cir. 2009); <u>cf.</u> <u>Arpaio</u>, 527 F.
App'x at 113 & n.4 (placing burden on plaintiff but noting that
the parties had not raised the burden of proof issue in the
district court).   However, as a general principle, "'[a] signed
return of service constitutes prima facie evidence of valid
service, which can be overcome only by strong and convincing
evidence.'"   <u>Homer v. Jones-Bey</u>, 415 F.3d 748, 752 (7th Cir.
2005) (quoting <u>O'Brien v. R.J. O'Brien & Assocs., Inc.</u>, 998 F.2d
1394, 1398 (7th Cir. 1993)).[8]   Therefore, in the context of Rule
60(b)(4), regardless whether the plaintiff bears the burden of
proof of demonstrating sufficient service of process to
establish personal jurisdiction over a defendant, once the
plaintiff has submitted a signed return of service, the burden
shifts to the defendant to demonstrate that it did not receive
valid service of process.

In this case, Plaintiff has submitted <u>prima facie</u> evidence
that Defendants were properly served with process.   Plaintiff
has filed a return of service and affidavit of service that

---

[8] <u>Accord</u> <u>Blair v. City of Worcester</u>, 522 F.3d 105, 112 (1st Cir.
2008) (citations omitted); <u>see also</u> 1 Moore et al., <u>supra</u>, § 4.103
(stating that "[w]hether filed by a marshal or by the server, proof of
service filed with the court establishes prima facie evidence that
service was properly made."); 4B Wright & Miller, <u>supra</u>, § 1130 (3d
ed. 2002 & Supp. 2014) (stating that "[a]lthough the return of service
of the summons and the complaint is strong evidence of the facts
stated therein, it is not conclusive and may be controverted upon a
showing that the return is inaccurate."); 5B <u>id.</u> § 1353 (3d ed. 2004).

18

state that a private process server personally served Garcia-Guajardo with process at the address listed in the summons on May 4, 2011. ECF No. 3 at 4-6. Similarly, Plaintiff has filed a return of service and affidavit of service that state that a private process server served Guajardo through leaving process with Garcia-Guajardo, sufficient to establish valid service of process under Rule 4(e)(2)(B) or Rule 4(e)(1) and Va. Code Ann. § 8.01-296(2)(a). Accordingly, such returns of service establish prima facie evidence that Defendants were properly served with process.

In response, in their papers, Defendants have alleged that they were not validly served with process because the process server did not leave process with Defendants. Thus, it appears to the Court that a factual dispute exists between the parties regarding whether Defendants were validly served with process. In light of the prima facie showing of valid service of process that Plaintiff has made through submission of returns of service as to both Defendants, the Court notes that Defendants now have the burden of establishing "by strong and convincing evidence" that they were not properly served with process. Homer, 415 F.3d at 752. At this stage, Defendants have not presented any evidence that service of process was improper. However, given Defendants' pro se status, the Court believes that it would be best to provide Defendants with an opportunity to present

evidence regarding whether they were properly served with process. The Court proposes conducting an evidentiary hearing to resolve this issue.[9] As it is currently Defendants' burden to present evidence that they were not validly served with process, the Court will **DIRECT** Defendants to confer with Plaintiff's counsel and then contact the Clerk of the Court to schedule an evidentiary hearing. The Court will **TAKE UNDER ADVISEMENT** Defendants' Rule 60(b)(4) motion, pending such an evidentiary hearing. The Court will **PROVIDE** Defendants with fourteen (14) days after the entry of this Opinion and Order to schedule such hearing. If Defendants fail to timely schedule such hearing, the Court will resolve this issue based on the evidence currently before the Court.

## B. Plaintiff's Motion

The Court will hold Plaintiff's Motion for Execution Sale under advisement pending the resolution of Defendants' Rule 60(b)(4) motion. However, assuming, arguendo, that the Court denies Defendants' motion, the Court notes that, under Rule 69, any sale of realty owned by Defendants in execution of

---

[9] In the alternative, Defendants might submit affidavits as evidence to support their contention that they were not properly served with process. However, such affidavits likely would simply confirm the factual dispute that the Court currently perceives on the basis of Plaintiff's evidence and Defendants' pleadings, and then require the Court to conduct an evidentiary hearing to determine the credibility and weight of such conflicting evidence. Accordingly, the Court believes that conducting an evidentiary hearing at this stage would promote the most efficient resolution of this issue.

Plaintiff's judgment must comport with 28 U.S.C. § 2001, rather than Virginia's law governing such sales. Under Rule 69, this Court's procedure on execution of a judgment must comport with Virginia law, <u>unless a federal statute applies.</u> <u>See</u> Fed. R. Civ. P. 69(a). Congress has established a federal statute that governs the sale of realty under any order of this Court. Such statute provides:

> (a) Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.
>
> . . .
>
> b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

21

28 U.S.C. § 2001. Furthermore, Congress has provided that:

A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.

If such realty is situated in more than one county, state, district or circuit, such notice shall be published in one or more of the counties, states, or districts wherein it is situated, as the court directs. The notice shall be substantially in such form and contain such description of the property by reference or otherwise as the court approves. The court may direct that the publication be made in other newspapers. . . .

28 U.S.C. § 2002. Accordingly, subject to the resolution of Defendants' Rule 60(b)(4) motion, this Court notes that any judicial sale of realty that Plaintiff seeks in execution of its judgment against Defendants will be governed by federal statute, rather than, as Plaintiff had suggested in his motion, Virginia law.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES IN PART** and **TAKES UNDER ADVISEMENT IN PART** Defendants' Petition for Rehearing/Reopening of Case, ECF No. 32. To the extent Defendants seek relief in such motion under Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3), the Court **DENIES** Defendants' motion. However, to the extent Defendants' motion contends that the judgment against them is void under Rule

22

60(b)(4), the Court **TAKES UNDER ADVISEMENT** such motion, pending an evidentiary hearing. The Court **DIRECTS** Defendants to confer with Plaintiff's counsel and then contact the Clerk of the Court to schedule an evidentiary hearing to address the parties' factual dispute over whether Defendants were validly served with process. The Court **ADVISES** Defendants that they have fourteen (14) days after the entry of this Opinion and Order to schedule such a hearing and that, if they fail to do so, the Court will resolve their motion on the papers currently before it.

The Court **TAKES UNDER ADVISEMENT** Plaintiff's Motion for Execution Sale, pending the resolution of Defendants' Rule 60(b)(4) motion.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record and to the pro se Defendants at their address of record.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
United States District Judge

Mark S. Davis
United States District Judge

Norfolk, Virginia
December 15 , 2014

23