UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



CHRISTOPHER RAMSAY,

    Plaintiff,

v.                                              Civil Action No. 2:11cv207

SANIBEL & LANCASTER
INSURANCE, LLC,
ROBERTA L. GARCIA-GUAJARDO,
STEVEN GUAJARDO, and
GARY J. HUNTER,

    Defendants.

## AMENDED OPINION AND ORDER[1]

This matter is before the Court on a Petition for Rehearing/Reopening of Case, ECF No. 32, filed on September 19, 2014 by Roberta L. Garcia-Guajardo ("Garcia-Guajardo") and Steven Guajardo ("Guajardo" and, collectively with Garcia-Guajardo, "Defendants") and a Motion for Execution Sale, ECF No. 37, filed on November 4, 2014 by Christopher Ramsay ("Plaintiff").[2]  The Court will construe Defendants' pro se

---

[1] The instant "Amended Opinion and Order" replaces the Opinion and Order entered in this case on December 15, 2014.  ECF No. 39.  The Court's disposition of Defendants' Petition for Rehearing/Reopening of Case remains unchanged from the Court's prior Opinion and Order. Accordingly, this Amended Opinion and Order has no effect on such motion.  The only substantive changes contained herein consist of revisions to the Court's discussion, contained in Part III.B, of the standard applicable to Plaintiff's Motion for Execution Sale.

[2] Defendants purported to file their motion on behalf of a third defendant in this action, Sanibel Lancaster Insurance, LLC ("S&L Insurance").  However, S&L Insurance, as a limited liability company, "cannot appear pro se, even if represented by one of its members," and

Petition for Rehearing/Reopening of Case ("Motion for Relief from Judgment") as a motion for relief from judgment under Federal Rules of Civil Procedure 60(b)(3), 60(b)(4), and 60(d)(3). After examining the briefs and the record, the Court determines that oral argument on Defendants' Rule 60(b)(3) and Rule 60(d)(3) motions is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. R. 7(J). The need for a hearing on Defendants' Rule 60(b)(4) motion is addressed below. The Court **DENIES IN PART** and **TAKES UNDER ADVISEMENT IN PART** Defendants' motion. The Court **TAKES UNDER ADVISEMENT** Plaintiff's motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 12, 2011, Plaintiff filed an action in this Court alleging causes of action against Defendants for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA"), wrongful discharge in violation of public policy under Virginia law, and breach of contract under Virginia law. ECF No. 1. Returns of service indicate that Guajardo and Garcia-Guajardo were served with process on May 4, 2011. ECF No. 3. On May 16, 2011, S&L Insurance was served with process through

---

must be represented by an attorney. See Vick v. Wong, 263 F.R.D. 325, 328 n. 1 (E.D. Va. 2009) (citing United States v. Hagerman, 545 F.3d 579, 580-81 (7th Cir. 2008); Lattanzio v. Comm. on Massage Therapy Accreditation, 481 F.3d 137, 138, 140 (2d Cir. 2007)). Given that S&L Insurance is not represented by an attorney in this matter, the Court will not consider it as a movant with respect to this motion.

its registered agent. ECF No. 4.  On May 26, 2011, the Clerk of the Court entered default against Garcia-Guajardo and Guajardo. ECF No. 8.  On May 31, 2011, the Clerk of the Court entered default against S&L Insurance. ECF No. 10.  Plaintiff moved for default judgment on August 1, 2011.  Mot. for Default J., ECF No. 11.

On March 28, 2012, this Court entered default judgment in favor of Plaintiff: on his FLSA claim against Defendants, on his wrongful discharge claim against S&L Insurance, and on his breach of contract claim against S&L Insurance.  Opinion and Order, ECF No. 17.  In its March 28, 2012 Opinion and Order, the Court severed the wrongful discharge claim against Garcia-Guajardo and stayed such claim pending resolution of VanBuren v. Grubb, 733 S.E.2d 919 (Va. 2012).  Following the Supreme Court of Virginia's decision in VanBuren, on March 27, 2013, the Court entered judgment against Garcia-Guajardo, as well, on Plaintiff's wrongful discharge claim.  ECF No. 24.

Plaintiff asserts that he "has pursued collection on the judgment entered against [Defendants]," but that they "have resisted collection."  Pl.'s Br. Opp'n Mot. for Relief from J. at 2, ECF No. 33.  In support of such contention, Plaintiff has submitted two orders from the Circuit Court of the City of Suffolk that indicate that Garcia-Guajardo twice failed to appear for debtor's interrogatories.  See id. ex. 1 & 2, ECF

3

Nos. 33-1, 33-2. In one such order, the Circuit Court of the City of Suffolk found that Garcia-Guajardo had been properly served with both debtor's interrogatories and a motion to show cause as to why she failed to appear for such interrogatories. Order on Motion to Show Cause, Case No. CM13-1020 (Va. Cir. Nov. 20, 2013). In a subsequent order, the Circuit Court found that Garcia-Guajardo's failure to appear for debtor's interrogatories was "willful and without good cause" and that "she intentionally obstructed the proceedings to frustrate their purpose." Order on Motion for Order of Contempt, Case No. CM13-1020 (Va. Cir. Feb. 24, 2014).

On September 19, 2014, Defendants moved the Court "for an injunction for relief of the judgment" and for rehearing, as well as for sanctions against Plaintiff and Plaintiff's counsel. Mot. for Relief from J. at 3-4. From Defendants' motion, it appears that they seek relief from judgment on the basis that Plaintiff committed fraud upon the Court by making misrepresentations to the Court, presumably in his Complaint. See id. at 3.[3] Defendants also seek relief from judgment on the basis that they were not properly served with process. Id. at

---

[3] In Defendants' motion, without explanation, they refer to Plaintiff's race. From the context of Defendants' motion, Defendants' reference to Plaintiff's race strikes the Court, at minimum, as tinged with a racially discriminatory undertone. The Court **ADMONISHES** Defendants that such reference to race is grossly inappropriate and will not be tolerated. If Defendants file any future pleading containing such a reference, the Court will not hesitate to appropriately sanction them.

3.    Applying a liberal construction to Defendants' pleadings, required because of Defendants' pro se status, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007), to the extent that Defendants seek to set aside this Court's judgment on the basis of fraud, the Court will construe their motion as a motion under Rule 60(b)(3) and Rule 60(d)(3).  Given that Defendants argue that the Court's judgment is void due to insufficient service of process, the Court will also construe their motion as a motion under Rule 60(b)(4).

On October 3, 2014, Plaintiff filed his brief in opposition to Defendants' motion.  Plaintiff contends that Defendants' motion under Rule 60(b)(3) is untimely because Defendants did not seek relief from judgment within one year of the entry of such judgment.  Pl.'s Br. Opp'n Mot. for Relief from J. at 2. In response to Defendants' Rule 60(d)(3) motion, Plaintiff argues that Defendants' allegations do not present a sufficient basis to warrant relief from judgment under Rule 60(d)(3). Finally, in response to Defendants' Rule 60(b)(4) motion, Plaintiff argues that Defendants were, in fact, served with process "at the address listed on their paper." Id. at 3.

On October 27, 2014, Defendants filed a reply to Plaintiff's opposition.  Ans. to Pl.'s Filing, ECF No. 36.   In response to Plaintiff's argument that their motion is untimely, Defendants cite provisions of the Code of Virginia governing the

5

tolling of the statute of limitations and contend that such provisions apply because Garcia-Guajardo was incapacitated. Id. at 2. Defendants also argue that they never received process from the process server who attempted to serve process on Garcia-Guajardo at her home. Id. at 3. Finally, Defendants request that the Court "give [Plaintiff] jail time along with his attorney" and seek compensation. Id. at 3-4.

On November 4, 2014, Plaintiff moved for appointment of a special master and for sale at public auction of "the real property at 4301 Newport Ave, a/k/a Maryland Ave, Norfolk, Virginia" ("the property"). Mot. for Execution sale, ECF No. 37. Plaintiff asserts that Rule 69 authorizes this Court to appoint a special master to conduct a judicial sale of the property because such Rule "directs that State procedure must be followed on execution procedures" and Virginia law authorizes sale of a debtor's real property through a creditor's bill in equity and court appointment of a commissioner in chancery to sell the debtor's property. See id. at 2. In his motion, Plaintiff alleges that the property is subject to: a March 28, 2005 deed of trust to secure a $220,000 promissory note, a $382,183.59 federal tax lien recorded on March 3, 2009, and a $13,533.81 federal tax lien recorded on February 3, 2010. Id. Other than such liens and encumbrances, Plaintiff asserts that Defendants own the property. Id. at 3. Plaintiff requests that

6

the Court: "order David Weeks, Trustee, and New York Mortgage Company, LLC, Noteholder, to appear and respond to this Motion within twenty-one days of service of same or waive their right to participate herein;" "order the United States to appear and respond to this Motion within sixty days of service of the same upon it or waive its right to participate herein;" and appoint a special master to determine "[t]he identities of the owners of the property," "[t]he liens against the property and the order of their priority, including tax liens," "[t]he fee simple and annual rental value of the property," and "[w]hether all parties in interest are properly before the Court." Id. at 3. Finally, Plaintiff requests that the Court order the property sold to satisfy Plaintiff's judgment, if the rents from such property cannot satisfy such judgment within five years, or if such rents are sufficient to satisfy Plaintiff's judgment within five years, order that those rents be applied to the satisfaction of Plaintiff's judgment. See id. at 4.[4] The deadline for Defendants to respond to Plaintiff's motion for execution has passed and Defendants have not responded thereto. Accordingly,

---

[4] Plaintiff's request appears to comport with the requirements under Section 8.01-462 of the Code of Virginia, which provides: "Jurisdiction to enforce the lien of a judgment shall be in equity. If it appear [sic] to the court that the rents and profits of all real estate subject to the lien will not satisfy the judgment in five years, the court may decree such real estate, or any part thereof, to be sold, and the proceeds applied to the discharge of the judgment." Va. Code Ann. § 8.01-462.

the motions currently before the Court are now ripe for disposition.[5]

## II. STANDARD OF REVIEW

### A. Rule 60(b)

Federal Rule of Civil Procedure 60(b) permits a party to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). A court's analysis of a Rule 60(b) motion proceeds in two stages. First, a court considers whether the movant has met three threshold conditions: "'a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.'" Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quoting Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)); see also Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (citing Nat'l Credit Union, 1 F.3d at 264).[6] Once a movant has demonstrated the three threshold requirements, Federal Rule of Civil Procedure 60(b) lists the grounds under which a court may grant relief from a final judgment. Nat'l Credit Union, 1 F.3d at 266. These grounds are:

---

[5]On December 1, 2014, Defendants moved for summary judgment, ECF No. 38, however, such motion is not ripe for disposition.

[6] The Fourth Circuit has also noted a fourth threshold showing, "exceptional circumstances," in some instances. Nat'l Credit Union, 1 F.3d at 264 (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) "must clearly establish the grounds therefor to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979); see also Ebersole v. Kline-Perry, 292 F.R.D. 316, 320 (E.D. Va. 2013) (quoting Compton, 608 F.2d at 102). To determine whether such exceptional relief is appropriate, the court "must engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of [a]ll the facts." Compton, 608 F.2d at 102 (alteration in original) (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970)).

The Fourth Circuit has held that a motion under Rule 60(b) is addressed to the sound discretion of the trial judge and will not be disturbed on appeal save for a showing of abuse. See Aikens, 652 F.3d at 501. "However, where default judgments are at issue, over the years [the Fourth Circuit] has taken an increasingly liberal view of Rule 60(b) . . . ." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.3d 808, 811 (4th Cir. 1988); see also Charles Alan Wright & Arthur R. Miller, 11 Federal Practice & Procedure § 2857 (3d ed. 2012) (noting that "[t]he cases calling for great liberality in granting Rule 60(b) motions, for the most part, have involved default judgments. There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits."). This is so because "default judgments pit the court's strong preference for deciding cases on the merits against countervailing interests in finality and in preserving the court's ability to control its docket." Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997) (citing Augusta, 843 F.3d at 811). Nonetheless, in considering a Rule 60(b) motion to set aside a default judgment, "'[w]hen the party is at fault, the [court's interest in finality and efficiency] dominate[s] and the party must adequately defend its conduct in

10

order to show excusable neglect.'" _Id._ (alterations in original) (quoting _Augusta_, 843 F.3d at 811).

### B. Rule 60(d)

Federal Rule of Civil Procedure 60(d)(3) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Thus, such clause "permits a court to exercise its inherent equitable powers to obviate a final judgment after one year for 'fraud on the court.'" _Fox ex rel. Fox v. Elk Run Coal Co._, 739 F.3d 131, 135-36 (4th Cir. 2014). However, "ordinary cases of fraud" do not provide a basis for relief under Rule 60(d)(3). _Id._ at 136 (citing _Hazel-Atlas Glass Co. v. Hartford-Empire Co._, 322 U.S. 238, 244, 246 (1944)). "Thus, not only must fraud on the court involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." _Id._ Rule 60(d) should be applied "only when parties attempt 'the more egregious forms of subversion of the legal process . . ., those that we cannot necessarily expect to be exposed by the normal adversary process.'" _Id._ (quoting _Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters_, 675 F.2d 1349, 1357 (4th Cir. 1982)). "Perjury and fabricated evidence . . . [are] not adequate to permit relief as fraud on the court . . . ." _Id._ (citing _Great Coastal_, 675 F.2d at 1357). Rather, "the doctrine is limited to

situations such as 'bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.'" Id. (citing Great Coastal, 675 F.2d at 1356). Unsurprisingly, "[p]roving fraud on the court thus presents . . . a very high bar for any litigant." Id. at 136-37.

### C. Rule 69

Federal Rule of Civil Procedure 69 governs the enforcement of money judgments. Such Rule provides in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Accordingly, such Rule establishes that, as a general rule, Virginia law governs the procedure on execution in this Court. However, an applicable federal statute is controlling, notwithstanding Virginia law. See id.; see also 12 Wright & Miller, supra, § 3012 (3d ed. 2014).

### III. DISCUSSION

### A. Defendants' Motion

As stated above, when liberally construed, Defendants' motion appears to seek relief under Rule 60(b)(3) and Rule 60(d)(3) based on Plaintiff's alleged fraud and Rule 60(b)(4)

based on allegations that Defendants were not properly served with process. The Court will first consider Defendants' motion with respect to the fraud grounds for relief. The Court will then turn to Defendants' Rule 60(b)(4) motion. As stated above, as a threshold to relief under Rule 60(b)(3), Defendants must show that: their motion is timely, they have a meritorious defense, and Plaintiff would not be unfairly prejudiced by having the judgment against Defendants set aside.

Defendants' Rule 60(b)(3) motion fails because Defendants have not satisfied the threshold element of timeliness. Rule 60 imposes mandatory time restrictions on a Rule 60(b)(3) motion by providing that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). In this case, Defendants seek relief from judgment based on Plaintiff's alleged fraud and, therefore, Rule 60(c)(1) mandated that Defendants file any Rule 60 motion on that basis "no more than a year after the entry of judgment." Here, the Court entered judgment against Guajardo on Plaintiff's FLSA and wrongful discharge claims on March 28, 2012, ECF No. 18, against Garcia-Guajardo on March 28, 2012 with respect to Plaintiff's FLSA claim, ECF No. 18, and against Garcia-Guajardo on March 27, 2013 with respect to Plaintiff's wrongful discharge claim, ECF

13

No. 24.   Thus, Rule 60(c)(1) required Guajardo and Garcia-Guajardo, with respect to Plaintiff's FLSA claims, to file their Rule 60(b)(3) motions no later than March 28, 2013.   Similarly such rule mandated that Garcia-Guajardo file any Rule 60(b)(3) motion challenging the judgment against her on the wrongful discharge claim no later than March 27, 2014.   Defendants' filed the instant motion on September 19, 2014.   Thus, Defendants' motions under Rule 60(b)(3) are **DENIED** as untimely.[7]

Defendants' Rule 60(d)(3) motion fails because, even assuming the truth of the allegations in Defendants' motion, such allegations are not sufficient to demonstrate fraud on the court.   At most, Defendants have alleged that Plaintiff "blatantly lied" to the Court.   Ans. to Pl.'s Filing at 3. However, the Fourth Circuit has underscored that "perjury and fabricated evidence," though reprehensible, do not qualify as fraud on the Court.  Great Coastal, 675 F.2d at 1357.   Moreover, Defendants have not alleged that Plaintiff committed acts of fraud that, like bribery of a judge, "directly impinge" on "the integrity of the court and its ability to function."  See Fox, 739 F.3d at 136.   Therefore, the Court concludes that Defendants have not demonstrated that relief from judgment is warranted

---

[7] The Court need not assess the remaining two threshold elements or the second stage of the Rule 60 analysis in light of its determination that Defendants' Rule 60(b)(3) motions are untimely.

based on fraud on the court under Rule 60(d)(3) and Defendants'
Rule 60(d)(3) motion is **DENIED**.

To the extent that Defendants contend that they were not
properly served with process because the process server did not
leave process with Garcia-Guajardo, the Court has construed
their motion as a Rule 60(b)(4) motion.  Such rule provides that
the Court may "[o]n motion and just terms, . . . relieve a party
. . . from a final judgment . . . for the following reaso[n]:
the judgment is void."  Fed. R. Civ. P. 60(b)(4).  Although Rule
60 is phrased in permissive terms, a court does not have
discretion to refuse to vacate a void judgment.  See, e.g.,
Philos Techs., Inc. v. Philos & D, Inc., 645 F.3d 851, 855 (7th
Cir. 2011) (citations omitted); Hukill v. Okla. Native Am.
Domestic Violence Coal., 542 F.3d 794, 797 (10th Cir. 2008)
(citation omitted); Harper Macleod Solicitors v. Keaty & Keaty,
260 F.3d 389, 394 (5th Cir. 2001) (citation omitted); see also
11 Wright & Miller, supra, § 2862 (3d ed. 2012) (stating that
"[t]here is no question of discretion on the part of the court
when a motion is under Rule 60(b)(4)").  Moreover, unlike other
motions under Rule 60(b), a party may seek to set aside a void
judgment even years after the court has entered such judgment.[8]

---

[8] See, e.g., Philos, 645 F.3d at 857 (citations omitted) (stating
that a "collateral challenge to jurisdiction can be brought at any
time"); Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1345 (10th
Cir. 2000) (holding that a Rule 60(b)(4) motion may be made at any
time); Sea-Land Serv. Inc. v. Ceramica Europa II, Inc., 160 F.3d 849,

Similarly, to prevail on a Rule 60(b)(4) motion, the movant need not establish the existence of a meritorious defense. Bludworth Bond Shipyard Inc. v. M/V Caribbean Wind, 841 F.2d 646, 649 (5th Cir. 1988) (noting that a court must set aside a void judgment under Rule 60(b)(4) regardless whether the movant has a meritorious defense); 11 Moore et al., supra, § 60.44[5][b]; 11 Wright & Miller, supra, § 2862.

For the purposes of Rule 60(b)(4), a judgment is void "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citing Eberhart v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)). However, courts "narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Id. at 412-13 (citations omitted). Nonetheless, a judgment is void when a court enters it without personal jurisdiction over a defendant

---

852 (1st Cir. 1998) (same); Meadows v. Dominican Republic, 817 F.2d. 517, 521 (9th Cir. 1987) (same); see also James Wm. Moore et al., 12 Moore's Federal Practice § 60.44[5][c]; 11 Wright & Miller, supra, § 2862 (stating that" there is no time limit on an attack on a judgment as void"); cf. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002) (citations omitted) (noting that "[o]ther circuit courts addressing the issue have concluded that a motion to vacate a void judgment pursuant to Rule 60(b)(4) contains little, if any, time limit.").

because such defendant was not validly served with process. Armco v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (holding that "[s]ince there was no valid service of process, the district court was without jurisdiction of the defendant, and the default judgment was void."); see also 12 Moore et al., supra, § 60.44[3] (stating that "[a] judgment may . . . be void because, although the court had the theoretical power to exercise personal jurisdiction over a defendant, the defendant was not adequately served with process.").

Although the Fourth Circuit has not addressed the issue, other courts of appeals have split on which party has the burden of proof of establishing, for the purposes of a Rule 60(b)(4) motion, that a court lacked personal jurisdiction to enter a default judgment. See Arpaio v. Dupre, 527 F. App'x 108, 113 n. 4 (3d Cir. 2013) (unpublished) (noting a circuit split on the issue). Some courts of appeals have held that "a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur." SEC v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1163 (9th Cir. 2007); Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005); Bally Exp. Corp. v. Balicar,

17

Ltd., 804 F.2d 398, 401 (7th Cir. 1986). On the other hand, at least one court of appeals has held that a plaintiff maintains the burden of proving that personal jurisdiction is present, even under Rule 60(b)(4). Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009); cf. Arpaio, 527 F. App'x at 113 & n.4 (placing burden on plaintiff but noting that the parties had not raised the burden of proof issue in the district court). However, as a general principle, "'[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" Homer v. Jones-Bey, 415 F.3d 748, 752 (7th Cir. 2005) (quoting O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)).[9] Therefore, in the context of Rule 60(b)(4), regardless whether the plaintiff bears the burden of proof of demonstrating sufficient service of process to establish personal jurisdiction over a defendant, once the plaintiff has submitted a signed return of service, the burden shifts to the defendant to demonstrate that it did not receive valid service of process.

---

[9] Accord Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008) (citations omitted); see also 1 Moore et al., supra, § 4.103 (stating that "[w]hether filed by a marshal or by the server, proof of service filed with the court establishes prima facie evidence that service was properly made."); 4B Wright & Miller, supra, § 1130 (3d ed. 2002 & Supp. 2014) (stating that "[a]lthough the return of service of the summons and the complaint is strong evidence of the facts stated therein, it is not conclusive and may be controverted upon a showing that the return is inaccurate."); 5B id. § 1353 (3d ed. 2004).

In this case, Plaintiff has submitted prima facie evidence that Defendants were properly served with process. Plaintiff has filed a return of service and affidavit of service that state that a private process server personally served Garcia-Guajardo with process at the address listed in the summons on May 4, 2011. ECF No. 3 at 4-6. Similarly, Plaintiff has filed a return of service and affidavit of service that state that a private process server served Guajardo through leaving process with Garcia-Guajardo, sufficient to establish valid service of process under Rule 4(e)(2)(B) or Rule 4(e)(1) and Va. Code Ann. § 8.01-296(2)(a). Accordingly, such returns of service establish prima facie evidence that Defendants were properly served with process.

In response, in their papers, Defendants have alleged that they were not validly served with process because the process server did not leave process with Defendants. Thus, it appears to the Court that a factual dispute exists between the parties regarding whether Defendants were validly served with process. In light of the prima facie showing of valid service of process that Plaintiff has made through submission of returns of service as to both Defendants, the Court notes that Defendants now have the burden of establishing "by strong and convincing evidence" that they were not properly served with process. Homer, 415 F.3d at 752. At this stage, Defendants have not presented any

evidence that service of process was improper. However, given Defendants' pro se status, the Court believes that it would be best to provide Defendants with an opportunity to present evidence regarding whether they were properly served with process. The Court proposes conducting an evidentiary hearing to resolve this issue.[10] As it is currently Defendants' burden to present evidence that they were not validly served with process, the Court will **DIRECT** Defendants to confer with Plaintiff's counsel and then contact the Clerk of the Court to schedule an evidentiary hearing. The Court will **TAKE UNDER ADVISEMENT** Defendants' Rule 60(b)(4) motion, pending such an evidentiary hearing. The Court will **PROVIDE** Defendants with fourteen (14) days after the entry of this Opinion and Order to schedule such hearing. If Defendants fail to timely schedule such hearing, the Court will resolve this issue based on the evidence currently before the Court.

### B. Plaintiff's Motion

The Court will hold Plaintiff's Motion for Execution Sale under advisement pending the resolution of Defendants' Rule

---

[10] In the alternative, Defendants might submit affidavits as evidence to support their contention that they were not properly served with process. However, such affidavits likely would simply confirm the factual dispute that the Court currently perceives on the basis of Plaintiff's evidence and Defendants' pleadings, and then require the Court to conduct an evidentiary hearing to determine the credibility and weight of such conflicting evidence. Accordingly, the Court believes that conducting an evidentiary hearing at this stage would promote the most efficient resolution of this issue.

60(b)(4) motion.   However, assuming, for the sake of argument, that the Court denies Defendants' motion, the Court notes that Plaintiff's motion raises questions regarding the appropriate procedure that the Court should apply in resolving such motion.

Federal Rule of Civil Procedure 69 governs execution of a money judgment.   Such rule provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a).   Thus, Rule 69 establishes a general rule that this Court will apply Virginia's procedure on execution, but, if a federal statute is applicable, it is controlling. See 13 Moore et al., supra, § 69.03[1].

In Chapter 127 of Title 28 of the United States Code, Congress has established a statutory scheme governing sales of realty "sold under any order or decree of any court of the United States."   28 U.S.C. § 2001(a).   Such statutes prescribe, among other things, the manner of such sales, id., and the notice such sales require, id. § 2002.   The Fourth Circuit has stated that "such statute very definitely announces the policy of the law that federal judicial sales should be made only in accordance with the requirements of the statute, and it is the duty of the courts to enforce the statutory mandate when the

point is directly and properly presented . . . ." Read v.
Elliott, 94 F.2d 55, 60 (4th Cir. 1938); see also Cumberland
Lumber Co. v. Tunis Lumber Co., 171 F. 352, 359 (4th Cir. 1909).
However, "[n]ot every minor departure from strict compliance
with the statute where no prejudice has thereby resulted to the
objecting party, will require setting a sale aside . . . ." Id.
(citing Bovay v. Townsend, 78 F.2d 343, 347 (8th Cir. 1935)).

Importantly, however, courts have held that Rule 69(a) does
not mandate the application of the Chapter 127 statutory scheme
because they have construed such scheme to apply only to
judicial sales, as opposed to execution sales. Judicial sales
are distinct from execution sales:

> Execution sales are conducted by an officer of the law
> in pursuance of the directions of a statute, while
> judicial sales are made by the agent of a court in
> pursuance of the directions of the court; in execution
> sales the sheriff is the vendor, in judicial sales,
> the court.

30 Am. Jur. 2d Executions and Enforcement of Judgments § 384.
In light of such distinction—and notwithstanding the title of
Chapter 127, "Executions and Judicial Sales"—courts have
concluded that:

> the language of [28 U.S.C. § 2001(a)] limits its
> application to judicial sales made under order or
> decree of the court and requiring confirmation by the
> court for their validity, and that it does not extend
> to sales under common-law executions which issue by
> mere praecipe of the judgment creditor on the judgment
> without order of the court, and in which the levy and
> sale of the marshal are ministerial, do not need

22

confirmation to give them effect, and only come under judicial supervision on complaint of either party.

*Yazoo & M.V.R. Co. v. City of Clarksdale*, 257 U.S. 10, 20 (1921); *Weir v. United States*, 339 F. 2d 82, 85 (8th Cir. 1964); *Prudential Ins. Co. of Am. v. Land Estates, Inc.*, 90 F.2d 457, 458 (2d Cir. 1937) (per curiam). Thus, courts view Chapter 127 of Title 28 as establishing the procedure for *judicial* sales. And, given that Rule 69(a) provides that "a money judgment is enforced by a writ of *execution*," courts have determined that, under Rule 69(a), the federal statutes governing *judicial* sales do not apply. *Weir*, 339 F.2d at 85-86. Instead, state procedures on writs of execution apply, even to execution sales of realty. *See id.*

That said, at least one court has interpreted Rule 69(a) as permitting a court to order a judicial sale under 28 U.S.C. § 2001. In *United States v. Branch Coal Corp.*, the Court of Appeals for the Third Circuit upheld a judicial sale of realty following a default judgment. 390 F.2d 7, 8, 10 (3d Cir. 1968). The Court noted that, "Rule 69(a) has been interpreted as precluding the application of federal procedures, as outlined in 28 U.S.C. §§ 2001-2002 (1965), to execution sales." *Id.* at 9. However, the Court then stated: "we are aware of no decision that has construed Rule 69(a) as requiring an execution sale in every case where the United States is seeking to enforce a money

23

judgment. Indeed, the first sentence of the Rule specifically provides for alternate means of enforcement when the 'court directs otherwise.'"   Id.   Accordingly, the Court concluded that the district court permissibly had conducted a judicial sale, rather than an execution sale, and upheld the sale.   Id. at 9-10.

After thoroughly considering the issue, assuming, for the sake of argument, that the Court denies Defendants' motion, the Court concludes that it will conduct any sale of realty pursuant to Chapter 127 of Title 28 because Virginia law does not permit a plaintiff to enforce a judgment against realty by "writ of execution" and the Fourth Circuit has indicated that, as a general rule, the provisions of Chapter 127 of Title 28 are mandatory.   Although Rule 69(a) directs the Court to apply Virginia's procedure regarding writs of execution to execution on a judgment of this Court, Virginia law does not authorize a judgment creditor to obtain satisfaction from a judgment debtor's real property through a writ of execution.   At common law, a judgment creditor had no method for ordering the sale of realty through a writ of execution.   See 2 William Blackstone, Commentaries *417 (describing the writ of fieri facias as a "species of execution . . . against the goods and chattels of the defendant");   W. Hamilton Bryson, Bryson on Virginia Procedure § 18.02[8] ("A judgment creditor could not by the

24

traditional common law reach his or her debtor's real estate."). Indeed, an entire branch of equity jurisdiction developed to allow a creditor to recover from a debtor's real property because of the narrowness of the common-law writs.   4 John Norton Pomeroy, Equity Jurisprudence § 1415, at 1065 (5th ed. 1941) (noting that "[t]he jurisdiction of equity to entertain suits in aid of creditors undoubtedly had its origin in the narrowness of the common-law remedies by writs of execution."). As at common law, in Virginia—unlike some states—a judgment creditor may not reach a judgment debtor's realty through a writ of execution.   See Va. Code Ann. § 8.01-474 (emphasis added) ("By a writ of fieri facias, the officer shall be commanded to make the money therein mentioned out of the goods and chattels of the person against whom the judgment is."); id. § 9.01-478 (emphasis added) ("The writ of fieri facias may be levied as well on the current money and bank notes, as on the goods and chattels of the judgment debtor, except such as are exempt from levy under Title 34, and shall bind what is capable of being levied on only from the time it is actually levied by the officer to whom it has been delivered to be executed."); Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 14.10(A) (noting that it "is a well[-]established proposition[n] of law" that "in Virginia, the writ of fieri facias may not be levied upon the real estate of the judgment debtor except in the

25

case of judgments in favor of the Commonwealth.").[11]  Rather, the General Assembly has provided a mechanism by which judgment creditors can enforce a judgment lien to obtain satisfaction from a judgment debtor's realty.

In Virginia, a judgment creditor may collect from a judgment debtor's realty through a creditor's bill to enforce a judgment lien.  The General Assembly, as a general matter, has established that:

> Every judgment for money rendered in this Commonwealth by any state or federal court or by confession of judgment, as provided by law, shall be a lien on all the real estate of or to which the defendant in the judgment is or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien docket of the clerk's office of the county or city where such land is situated.

Va. Code Ann. § 8.01-458.  Thus, to satisfy a judgment from a judgment debtor's realty, a judgment creditor must first docket his judgment in the clerk's office of the county or city where the land is situated.  See id.; Doug Rendleman, Enforcement of Judgments and Liens in Virginia § 6.2 (3d ed. 2014).  Once a judgment creditor has obtained a judgment lien on the realty, the General Assembly has determined that:

---

[11]  In Virginia, another species of writ of execution, the writ of possession, will lie to allow a plaintiff to obtain the return of his property.  See Va. Code Ann. § 8.01-470; Middleditch & Sinclair, supra, § 15.1.  Plaintiff seeks a sale of a parcel of land owned by Defendants to satisfy a judgment unrelated to such parcel.  Thus, the writ of possession provides no basis for Plaintiff to obtain the relief he seeks.

> Jurisdiction to enforce the lien of a judgment shall
> be in equity. If it appear to the court that the rents
> and profits of all real estate subject to the lien
> will not satisfy the judgment in five years, the court
> may decree such real estate, or any part thereof, to
> be sold, and the proceeds applied to the discharge of
> the judgment.

Va. Code Ann. § 8.01-462.  If the court determines that rents

and profits from the property will not satisfy the judgment in

five years, "[t]he court will then appoint a special

commissioner for the sale and the proceedings will be conducted

as other judicial sales."  Middleditch & Sinclair, supra, §

14.10[B]; Rendleman, supra, § 6.3[A].  "The court's confirmation

of the special commissioner's sale is essential to the validity

of the transaction."  Rendleman, supra, § 6.4; see also Trs. of

Zion Baptist Church v. Conservators of Estate of Peay, 525

S.E.2d 291, 293 (Va. 2000) ("In the course of a judicial sale,

'[u]pon the entry of a decree of confirmation[,] the transaction

becomes a completed contract of sale.'" (alteration in original)

(quoting Staples v. Somers, 84 S.E.2d 523, 527 (Va. 1954))).

Additionally, "where there are various liens on the lands of a

judgment debtor, it is erroneous to decree a sale of his lands

to satisfy such liens without first ascertaining all of the

liens binding thereon, including delinquent taxes, and

determining and fixing their respective amounts and priorities."

Tackett v. Bolling, 1 S.E.2d 285, 287 (Va. 1939) (citations

omitted); see also Capitol Bldg. Supply v. Chang, 84 Va. Cir.

27

267, 273 (Fairfax County 2012) (citing Tackett, 1 S.E.2d at 287).

To the extent that Virginia only permits a judgment creditor to obtain satisfaction from a judgment debtor's real property through a judicial sale, the Court finds that Rule 69 does not require it to apply Virginia's procedure for judicial sales. As noted above, Rule 69 requires the Court to apply Virginia's procedures "on execution." Fed. R. Civ P. 69(a). However, as the forgoing discussion indicates, Virginia does not permit "execution" against realty. Instead, Virginia permits a judgment creditor to obtain satisfaction from realty only by enforcing a judgment lien. Given that, under Virginia law, a judgment creditor must file a bill in equity to enforce a judgment lien and that such proceedings are conducted under the court's direction through a commissioner in chancery, any such sale undoubtedly is "made under order or decree of the court and requiring confirmation by the court for their validity," Yazoo & M.V.R. Co., 257 U.S. at 20, and therefore should be considered a "judicial sale." Indeed, nothing about such procedure suggests that it can be categorized as an execution sale, which results from "mere praecipe of the judgment creditor on the judgment without order of the court, and in which the levy and sale of the marshal are ministerial, do not need confirmation to give them effect, and only come under judicial supervision on

28

complaint of either party." See id. Thus, Plaintiff, at least implicitly, asks the Court to apply Virginia's procedure for judicial sales of realty, even though Rule 69 incorporates Virginia's procedure for execution sales. Yet, it would be anomalous to interpret Rule 69 to require the application of Virginia's procedure for judicial sales of realty when federal courts have held that Rule 69's statement that "a federal statute governs to the extent it applies" does not require a court to apply the federal statute governing judicial sales because of the distinction between a judicial sale and an execution sale. See Weir, 339 F.2d at 85-86. Put differently, if the federal statute governing judicial sales is inapplicable under Rule 69 because the statute concerns a judicial sale, on the same reasoning, Rule 69 would not incorporate Virginia's procedure for enforcing a judgment lien because it too requires a judicial, rather than execution, sale. Accordingly, the Court concludes that Rule 69 does not incorporate Virginia's procedure for enforcing a judgment lien on realty.

To the extent that Virginia law does not permit an execution sale of realty, the Court, if necessary, will apply the provisions of Chapter 127 of Title 28 to conduct any judicial sale in this matter.[12] As noted above, the Fourth

---

[12] In the alternative, assuming Rule 69 incorporated Virginia's procedure for enforcing judgment liens, the Court finds it appropriate to "direc[t] otherwise" that any judicial sale will occur under the

Circuit has suggested that, as a general rule, the provisions of such chapter are mandatory and "federal judicial sales should be made only in accordance with the requirements of the statute . . . ." Read, 94 F.2d at 60; cf. ACLI Gov't Sec., Inc. v. Rhoades, 764 F.2d 1033, 1035 (4th Cir. 1985) (per curiam) (affirming district court's confirmation of a sale of real property pursuant to 28 U.S.C. §§ 2001, 2002). The Court will follow such guidance. If the Court ultimately denies Defendants' motion, any sale of realty to satisfy Plaintiff's judgment, under an order of this Court, will accord with the procedures outlined in Chapter 127 of Title 28 of the United States Code.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES IN PART** and **TAKES UNDER ADVISEMENT IN PART** Defendants' Petition for Rehearing/Reopening of Case, ECF No. 32. To the extent Defendants seek relief in such motion under Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3), the Court **DENIES** Defendants' motion. However, to the extent Defendants' motion contends that the judgment against them is void under Rule 60(b)(4), the Court **TAKES UNDER ADVISEMENT** such motion, pending an evidentiary hearing. The Court **DIRECTS** Defendants to confer with Plaintiff's counsel and then contact the Clerk of the Court

---

procedure set forth in Chapter 127 of Title 28. See Fed. R. Civ. P. 69(a); Branch Coal Corp., 390 F.2d at 9-10.

to schedule an evidentiary hearing to address the parties' factual dispute over whether Defendants were validly served with process. The Court **ADVISES** Defendants that they have fourteen (14) days after the entry of this Opinion and Order to schedule such a hearing and that, if they fail to do so, the Court will resolve their motion on the papers currently before it.

The Court **TAKES UNDER ADVISEMENT** Plaintiff's Motion for Execution Sale, pending the resolution of Defendants' Rule 60(b)(4) motion.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record and to the pro se Defendants at their address of record.

**IT IS SO ORDERED.**

_____ /s/ Mark S. Davis

Mark S. Davis
United States District Judge

Norfolk, Virginia
June 19 , 2015
*Nunc pro tunc to December 15, 2014,*
*the date the original Opinion and Order*
*was signed and entered.*