UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



CHRISTOPHER RAMSAY,

    Plaintiff,

v.                                    Civil Action No. 2:11cv207

SANIBEL & LANCASTER
INSURANCE, LLC,
ROBERTA L. GARCIA-GUAJARDO,
STEVEN GUAJARDO, and
GARY J. HUNTER,

    Defendants.

### MEMORANDUM ORDER

This matter is before the Court following the parties' submission of position papers concerning the Court's proposed procedure for conducting a judicial sale of "4301 Newport Ave, a/k/a 600 Maryland Ave, Norfolk, Virginia" ("the property") to satisfy Christopher Ramsay's ("Plaintiff") judgments against Roberta L. Garcia-Guajardo ("Garcia-Guajardo") and Steven Guajardo ("Guajardo" and, collectively with Garcia-Guajardo, "Defendants"). On June 30, 2015, the Court granted Plaintiff's Motion for Execution Sale, set forth a proposed procedure for conducting a judicial sale of the property, and directed the parties to file position papers stating any objections to the Court's proposed judicial sale order. Memorandum Order, ECF No. 65. The parties have submitted their position papers. Plaintiff has no objections to the Court's proposed procedure.

Pl.'s Position Paper, ECF No. 66. Defendants present twenty-eight objections to the Court's proposed procedure for selling the property. Defs.' Position Paper, ECF No. 67.[1]

In a number of objections, Defendants attempt to raise issues that the Court already has decided.[2] The Court **OVERRULES** the following objections because they are a further attempt to argue issues the Court has foreclosed by denying Defendants' serial motions for relief from judgment and the matters raised in such objections provide Defendants with no right to such relief: ¶¶ 1-9, 12-13, 21, and 28. Likewise, the Court **OVERRULES** the following objections because they are an attempt to re-litigate the Court's denial of Defendants' motion for a stay of execution pending appeal: ¶¶ 10, 19, 26, and 27. As explained in the Court's June 1, 2015 Order, the Court will not stay execution of the judgments against Defendants unless they provide the appropriate security. ECF No. 63. They have not done so. As the undersigned Judge has expressed before, the Court is truly sorry about Garcia-Guajardo's illness. Such illness does not, however, entitle Defendants to a stay of execution without the appropriate security.

---

[1] For ease of reference, the Court refers to Defendants' objections using the paragraphs in which Defendants raised them in their position paper.

[2] The Court advises Defendants that, in the future, it may summarily deny any further attempts to re-litigate matters the Court has decided.

Defendants objected for a number of reasons to the judicial sale procedure proposed by the Court. To begin, the Court **OVERRULES** Defendants' objection in ¶ 18 because Garcia-Guajardo's need for the property, due to her illness, does not exempt such property from execution or creditor process. See Va. Code Ann. §§ 34-1 to 34-34. The Court also **OVERRULES** the objections raised in ¶¶ 22 and 25, in which, respectively, Defendants request that the Court bar Plaintiff, his family, and his friends from bidding on the property or attending the sale, and that the Court order that Plaintiff accept any proceeds of the sale as full satisfaction for Plaintiff's judgments against Defendants.

The remainder of Defendants' objections concern the extent to which the Court's proposed procedure sufficiently protects the rights of Defendants and lienholders other than Plaintiff. The Court **OVERRULES** Defendants' generic objections that "every single civil procedure put in place to protect defendants was not followed in court by the plaintiff or his counsel, therefore putting defendants at a disadvantage," ¶ 20, and that the "outline of sale . . . does not follow federal procedure and just speaks of the sale and nothing of protecting the rights of the defendants and lienholders," ¶ 24.

Defendants' remaining objections raise legitimate concerns about protecting Defendants and lienholders other than

3

Plaintiff. Defendants object to the sale of the property because: Plaintiff's judgments on the property "have not been broken down to show the amounts for each defendant since each owner is one half owner of the property," ¶ 11; the property has not been appraised, ¶ 14; the IRS and "[m]ortgage [c]ompanies" have not been notified of the sale and the amounts of such entities' purported liens on the property have not been reported to the Court, ¶¶ 15-16; in light of the alleged mortgage and tax liens on the property, which apparently exceed its value, Plaintiff will receive no proceeds from any sale, ¶ 17; and the Court's proposed procedure affords lienholders less than ninety days to respond to notice of the sale, ¶ 23.

The Court concludes that the procedure set forth in its June 30, 2015 Memorandum Order, with minor modification, will sufficiently protect the interests of Defendants and lienholders other than Plaintiff. The Court's procedure addresses the concerns Defendants raised in ¶¶ 11 and 15-16. The magistrate judge's report and recommendation detailing the information set forth in the Court's June 30, 2015 Memorandum Order, and the Court's resolution of any objections to such report and recommendation, will permit the Court to determine the existence and amount of any lien on the property held by the IRS, "[m]ortgage [c]ompanies," or any other person, as well as the extent of any judgment lien Plaintiff possesses on Defendants'

4

respective one-half interests in the property. Although the Court's June 30, 2015 Memorandum Order did not state how long before the sale of the property Plaintiff must provide the notice of sale to all lienholders of record, in response to the objection in ¶ 23, the Court will direct: (1) that Plaintiff provide notice of the sale to the lienholders of record once the Court has resolved any objections to the magistrate judge's report and recommendation, and (2) that the sale take place no earlier than sixty (60) days after the Court resolves any such objections. Such procedure will ensure that lienholders are informed of the sale and have the opportunity to intervene, if necessary, to protect their interests. Finally, the Court concludes that subjecting the sale of the property to confirmation by the Court, if any interested person timely objects to the sale, will address Defendants' concerns about the value of the property, as indicated in their objections to a sale of the property without an appraisal, ¶ 14, and to a sale that might raise insufficient proceeds to satisfy liens superior to Plaintiff's judgment liens, ¶ 17.[3] And to further protect the interests of Defendants and lienholders, upon resolving the issues that will be referred to the magistrate judge, the Court will require Plaintiff and Defendants to each submit a proposed

---

[3] If the magistrate judge's report and recommendation establishes that liens with priority over Plaintiff's judgment lien on the property are in excess of the property's value, the Court may reconsider the propriety of ordering its sale.

5

opening bid amount, which will be subject to approval by the Court. Accordingly, the Court **OVERRULES** Defendants' objections in ¶¶ 11, 14-17, and 23.

After further consideration, the Court also modifies its proposed sale order as follows. First, section (5) is modified to indicate that the property shall be sold by public auction at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Second, section (7) is modified to include the following additional requirements: Plaintiff will prepare the description of the property to be sold and will pay to the United States Marshal, <u>in advance</u>, the costs of advertising the notice of sale; and the notice of sale shall include the amount of any liens on the property superior to Plaintiff's judgment lien. Third, the Court modifies section (12) to direct that payment be made by certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of Virginia, rather than to the United States Marshal. The Court will issue a final sale order once the Court has resolved any objections to the report and recommendation of the magistrate judge.

For the forgoing reasons, the Court **OVERRULES** Defendants' objections to the Court's proposed sale order. By separate order, in conformity with the procedure set forth in the Court's

6

June 30, 2015 Memorandum Order, the Court will refer the matter to the magistrate judge co-assigned to this matter.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record and to the pro se Defendants at their address of record.

IT IS SO ORDERED.

                                                /s/
                                  Mark S. Davis
                               United States District Judge
                                    Mark S. Davis
                          United States District Judge

Norfolk, Virginia
August 4, 2015